William B. Sullivan [CSB No. 171637]
Jeffrey M. Seiple [CSB No. 227937]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiffs MARTHA CASTILLO,
VIVIANA ROMO, and ABBY SANCHEZ,
Individually and on behalf of the Class

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA CASTILLO, VIVIANA ROMO, and ABBY SANCHEZ, Individually and on behalf of the Class | CASE NO.  09-CV-1622-H-RBB |
| Plaintiffs, | **PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND TO STATE COURT** |
| v. | *Oral Argument Requested* |
| APPLE CORE ENTERPRISES, INC., a North Dakota Corporation, LUIS AGUILAR, an Individual, and DOES 1-50, Inclusive. | Date:   August 31, 2009<br>Time:   10:30 A.M.<br>Judge:  Hon. Marilyn L. Huff<br>Dept.:  13 |
| Defendants | |

## I.  SUMMARY OF ARGUMENT

DEFENDANT APPLE CORE ENTERPRISES, INC.'s ("APPLE CORE") Notice Of Removal fails to meet its burden under 28 USC § 1332 (d). Specifically, Defendant fails to meet the "minimal diversity" requirement that "the combined claims of all class members exceed $5 million." 28 USC §§ 1332(d)(2), 1332(d)(5), 1453(a).

Importantly, the Complaint - at paragraph 1 - specifically states that "the amount in controversy does not meet or exceed Five Million Dollars." Please see Exhibit 1, "Complaint," paragraph 1. As such, APPLE CORE has to prove that the amount in controversy is actually in excess of Five Million Dollars, and must do so "to a legal certainty." Guglielmino v. McKee Foods

1

1    Defendant's <u>only</u> support for the representation that the matter in controversy exceeds Five

2    Million Dollars is a single, unverified paragraph wherein Defendant's counsel represents that the

3    Defendant is "informed and believes" that the amount in controversy exceeds Five Million Dollars.

4    Please see Exhibit 2, "Notice of Removal," paragraph 5.  There is no factual or legal foundation for

5    this representation within the Notice of Removal.

6        As Plaintiffs are "masters of their Complaint," and as a Defendants "conclusory allegations"

7    are insufficient to support Removal, and as diversity of parties is lacking in this case, remand is

8    required in this matter.

9

10   **II.  SUMMARY OF FACTS AND PROCEDURAL HISTORY**

11   The instant litigation is a "Wage and Hour" Class Action.  The Complaint alleges, among

12   other allegations, that employer APPLE CORE violated the California Labor Code, failed to pay

13   proper overtime compensation, failed to provide statutorily compliant meal or rest periods, and failed

14   to provide statutorily compliant Itemized Wage Statements.

15   On June 25th, 2009, Plaintiffs filed their original complaint.  Please see Exhibit 1.  The

16   original complaint specifically alleged that "the amount in controversy does not meet or exceed Five

17   Million Dollars."  Please see Exhibit 1, paragraph 1.

18   On July 27th, 2009, APPLE CORE filed its Notice of Removal in this matter.  Please see

19   Exhibit 2.  APPLE CORE failed to mention the California-resident Defendant LUIS AGUILAR in

20   the caption of their Notice, and further failed to acknowledge his status as a California resident.  <u>Id.</u>

21   In Defendant's Notice, the <u>only</u> support for the representation that the matter in controversy exceeds

22   Five Million Dollars is a single, unverified paragraph wherein Defendant's counsel represents that

23   the Defendant is "informed and believes" that the amount in controversy exceeds Five Million

24   Dollars. There is no factual or legal foundation for this representation within the Notice of Removal.

25   Please see Notice of Removal, paragraph 5.

26   / / /

27   / / /

28   / / /

2

## III.  CONTROLLING LAW

### A.     CONTROLLING LAW FAVORS REMAND TO STATE COURT

Removal statutes are strictly construed so as to limit removal jurisdiction. 28 U.S.C. §1441. Federal courts are of limited jurisdiction and plaintiff is "master of (his or) her complaint" Guigliemino v. McKee Foods Corp. (9th Cir. 2007) 506 F.3d 696, 699. Lowdermilk v. U.S. Bank National Association (9th Cir. 2007) 479 F.3d 994 at 998.

The reason for strict construction is to prevent the waste of judicial resources. When a plaintiff institutes a case in state court, there is a presumption against removal. Doubts as to removal are resolved in favor of remanding the case to state court. Gaus v. Miles, Inc. (9th Cir. 1992) 980 F.2d 564, 566; Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941) ["All doubts and ambiguities are resolved against removal and in favor of remand"]. CAFA did not alter the "long standing, canonical rule" that it is the burden of the proponent of federal jurisdiction to establish a prima facie case of removal jurisdiction. Abrego Abrego v. Dow Chemical Company 443 F.3d 676, 684-5.

### B.     THE REMOVING PARTY BEARS THE BURDEN OF PROVING - *TO A LEGAL CERTAINTY* - THAT THE AMOUNT IN CONTROVERSY EXCEEDS FIVE MILLION DOLLARS

"Where the plaintiff has pled an amount in controversy less than $5,000,000, the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met..." Lowdermilk, 479 F.3d 994 at 1000. The rationale for this comes from two main sources working in conjunction with one another: (1) Federal courts are courts of limited jurisdiction; and (2) plaintiff is "master of (his or) her complaint." Guglielmino, 506 F.3d 696 at 699.

The United States Supreme Court has confirmed the use of the "legal certainty" test: "unless the law gives a different rule, *the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a "legal certainty" that the claim is really for less that the jurisdictional limit.*" St. Paul Mercury Indemnity Co. v. Red Cab Co. (1938) 303 U.S. 283, 288-89.  (Emphasis added.)

3

1    The Ninth Circuit has defined the "legal certainty" test as follows: "in the Ninth Circuit we
2    have permitted a determination of "legal certainty" when a rule of law or limitation of damages
3    would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement."
4    Pachinger v. MGM Grand Hotel-Las Vegas, Inc. (9th Cir. 1986) 802 F.2d 262, 364. A string of cases
5    extends the "legal certainty" test to 28 USC § 1332(d), the Class Action Fairness Act. Lowdermilk,
6    479 F.3d 994 at 999.

7        Given the above controlling law, it is clear that APPLE CORE is required to prove - to a
8    legal certainty - that the combined claims of all class members exceed $5 million. Failure to do so
9    shall result in a failure to prove minimal diversity according to 28 USC 1332(d), and ths court must
10   therefore grant the Motion to Remand.

11

12                        IV.  **LEGAL ARGUMENT**

13       Plaintiff has specifically pled that the amount in controversy does not meet or exceed Five
14   Million Dollars. APPLE CORE has failed to provide any foundation for a representation to the
15   contrary. Given this complete lack of foundation, APPLE CORE has not met the standard of
16   establishing "to a legal certainty" that the amount in controversy exceeds Five Million Dollars.

17   **A.    APPLE CORE HAS NOT ESTABLISHED "A LEGAL CERTAINTY" THAT THE**
18   **       AMOUNT IN CONTROVERSY WILL EXCEED FIVE MILLION DOLLARS**

19       APPLE CORE's **only** foundation for the claim that the amount in controversy "exceeds Five
20   Million Dollars" is a single statement (unverified by APPLE CORE through Declaration or any other
21   direct means) that "Defendant is informed and believes that.... the amount in controversy in this
22   matter exceeds  $5,000,000.00." As this single representation is merely a "conclusory statement,"
23   it cannot serve as foundation, or evidence, as to those issues within APPLE CORE's burden of proof.

24       Case law is well settled that "conclusory allegations [are] not sufficient." Gaus v. Miles, Inc.
25   (9th Cir. 1992) 980 F.2d 564, 566-567. Because this single, conclusory statement comprises the
26   entirety of support for APPLE CORE's argument, the argument is not persuasive and APPLE CORE
27   has not met their burden of proving their allegation to a "legal certainty." As such, this Court should
28   grant Plaintiff's Motion to Remand.

                                        4

Z: Data 6368 pldgs Motion to Remand PA-nd29-09 wpd.

**B.      THERE WAS NO "BAD FAITH" IN THE CREATION OF THE COMPLAINT TO LIMIT THE AMOUNT IN CONTROVERSY**

Although APPLE CORE does not contend that the Plaintiffs have acted in "bad faith" in constructing the Complaint so as to limit the amount in controversy, any such accusation would require strong scrutiny. As such, the following is offered as a courtesy, in order to provide APPLE CORE an opportunity to refute any of Plaintiffs representations, if it is so able.

Plaintiff's counsel are experienced Class Action litigators who focus on "wage and hour" claims. Counsel have the requisite experience to be able to determine the types of, and damages resulting from, separate "wage and hour" issues. Please see Declaration of Jason L. Nienberg, ¶ 4. Counsel prepared the operative Complaint, after more than six months of investigation. Please see Declaration of Jason L. Nienberg, ¶ 5. Part of the investigation included a determination of the value of the claim, taking into account all potential penalties. The determination performed by Plaintiff's counsel concluded that, even if all potential penalties were taken into account (i.e. sections 203, 226, 2699), the amount in controversy still does not exceed the $5,000,000.00 figure.

In the instant matter, the potential damages have been limited due to several separate factual matters. First, APPLE CORE has a standard practice of limiting the daily amount of work experienced by the Class Members, which limits the "Overtime" claims. Second, many members of the class have worked at Defendant restaurant for far less than the full limitations period, limiting the amount claimed per Class Member. Thirdly, the crux, or "trigger," issue involves APPLE CORE manipulating reported work-time in a manner where Class Members are "shorted," at times, only 5 to 7 cents per shift. Please see Declaration of Jason L. Nienberg, ¶ 6.

Moreover, in the last 2 years alone, Plaintiffs' Counsel has repeatedly settled matters - with certified Classes in excess of 1500 members - for less than $5,000,000.00. Please see Declaration of Jason L. Nienberg, ¶ 7.

For the reasons above, Plaintiff chose, in good faith, to limit the amount in the Complaint to less than $5,000,000.00. For the same reasons, any allegations that the amount in controversy exceeds $5,000,000.00, especially to a legal certainty, is entirely unsupportable.

5

## V.  CONCLUSION

Based on the foregoing. Plaintiffs respectfully urge this Court to to enter an Order remanding this action to the San Diego County Superior Court. and requiring that Defendant APPLE CORE and/or its attorneys pay Plaintiff's expenses, in an amount to be determined at the hearing.

Dated: August 3. 2009                    **SULLIVAN & CHRISTIANI, LLP**

                                         S/ Jeffrey M. Seiple
                                         _____
                                         William B. Sullivan.
                                         Jeffrey M. Seiple
                                         Attorneys for Plaintiffs MARTHA CASTILLO.
                                         VIVIANA ROMO. and ABBY SANCHEZ.
                                         Individually and on behalf of the Class

6