William B. Sullivan [CSB No. 171637]
Jeffrey M. Seiple [CSB No. 227937]
**SULLIVAN & CHRISTIANI, LLP**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Attorneys for Plaintiffs MARTHA CASTILLO,
VIVIANA ROMO, and ABBY SANCHEZ,
Individually and on behalf of the Class

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA CASTILLO, VIVIANA ROMO, and ABBY SANCHEZ, Individually and on behalf of the Class<br><br>Plaintiffs,<br><br>v.<br><br>APPLE CORE ENTERPRISES, INC., a North Dakota Corporation, LUIS AGUILAR, an Individual, and DOES 1-50, Inclusive,<br><br>Defendants | CASE NO.   09-CV-1622-H RBB<br><br>**DECLARATION OF JASON L. NIENBERG IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO STATE COURT**<br><br>**Oral Argument Requested**<br><br>Date:  August 31, 2009<br>Time:  10:30 A.M.<br>Judge: Hon. Marilyn L. Huff<br>Dept.: 13 |

I, Jason L. Nienberg, declare as follows:

1. I am an attorney licensed to practice law before all the courts of the State of California, and am an Associate with the law firm of SULLIVAN & CHRISTIANI, ("Plaintiffs' Counsel, LLP, attorneys of record for Plaintiffs MARTHA CASTILLO, VIVIANA ROMO, and ABBY SANCHEZ in the above-captioned matter. I make this declaration in support of Plaintiffs' Motion to Remand to State Court.

2. I am personally familiar with the facts set forth in this declaration, and if called to testify could and would do so.

3. This is a wage and hour class action brought by Plaintiffs asserting allegations, regarding

1       various violations of the California Labor Code and violations of FEHA.

2  4.    My firm consists of experienced Class Action litigators who focus on "wage and hour" claims. Counsel have the requisite experience to be able to determine the types of, and damages resulting from, separate "wage and hour" issues.

5  5.    This office prepared the operative Complaint. The Complaint was only prepared after more than six months of investigation. Part of the investigation included a determination of the value of the claim, taking into account all potential penalties. The determination performed by my firm concluded that, even if all potential penalties were taken into account (i.e. sections 203, 226, 2699), the amount in controversy still falls well short of the $5,000,000.00 figure.

11  6.    In the instant matter, the potential damages have been limited due to several separate factual matters. First, APPLE CORE has a standard practice of limiting the daily amount of work experienced by the Class Members, which limits the Overtime claims. Second, many members of the class have worked at Defendant restaurant for less than the full limitations period, limiting the amount claimed per Class Member. Thirdly, the crux, or "trigger," issue involves APPLE CORE manipulating reported work-time in a manner where Class Members are "shorted," at times, only 5 to 7 cents per shift.

18  7.    In the last 2 years alone, my firm has repeatedly settled matters involving similar issues with certified Classes in excess of 1500 members for less than $5,000,000.00.

20  8.    The above facts, determined prior to the creation and filing of the Complaint, were what prompted Plaintiff's counsel to draft paragraph 1 of the Complaint - specifically the allegation that "the amount in controversy does not reach or exceed Five Million Dollars."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 3rd day of August, 2009.

                                                /s/ Jason L. Nienberg
                                                Jason L. Nienberg