# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA CASTILLO, individually and on behalf of the class; VIVIANA ROMO, individually and on behalf of the class; ABBY SANCHEZ, individually and on behalf of the class,<br><br>Plaintiff,<br>vs.<br>APPLE CORE ENTERPRISES, INC., a North Dakota Corporation d/b/a Applebee's Neighborhood Grill and Bar; DOES 1-10, inclusive,<br><br>Defendant. | CASE NO. 09-CV-1622 H (RBB)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

On August 3, 2009, Plaintiffs filed a motion to remand this action to state court. (Doc. No. 7.) On August 17, 2009, Defendant filed a response in opposition to Plaintiffs' motion to remand. (Doc. No. 8.) On August 24, 2009, Plaintiffs filed a response in support of their motion to remand. (Doc. No. 10.) On August 25, 2009, the Court submitted Plaintiffs' motion to remand on the papers. (Doc. No. 11.) For the following reasons, the Court grants Plaintiffs' motion and remands this action to state court.

## **Background**

Plaintiffs' claims are brought on behalf of a putative class of current and former employees of Defendant Apple Core. (Compl. ¶¶ 8-10.) Specifically, Plaintiffs allege that Defendants manipulated the hours of the class members in order to avoid paying them their

statutorily-mandated wages. (Compl. ¶ 12.) Plaintiffs further allege that the class members were forced to incur improper penalties when cashing their paychecks and were not provided itemized wage statements. (Id.) The Complaint alleges that the class members' were not provided an appropriate meal or rest period during work, were not provided adequate personal time off or vacation, and were not reimbursed for uniform costs. (Id.) Plaintiffs' third cause of action alleges that Defendant Luis Aguilar sexually harassed female members of the class while employed by Apple Core. (Compl. ¶¶ 40-43.)

On or about June 25, 2009, Plaintiffs filed a Complaint against Defendants in California State Superior Court. (Doc. No. 1., Ex. A. ["Compl."].) The Complaint alleges causes of action against Defendants for violations of the California Labor Code, violation of the California Business and Professions Code, and violation of the California Fair Employment and Housing Act. (Id.) In its first paragraph, the Complaint states that "the amount in controversy exceeds the statutory minimum limit of this [state] Court. However, the amount in controversy does not reach or exceed Five Million Dollars." (Compl. ¶ 1.)

On July 27, 2009, Defendant Apple Core removed this action to this Court, alleging that the amount in controversy exceeds $5,000,000. (Notice of Removal ¶¶ 3, 5.) Plaintiff now moves to remand to state court on the ground that this case does not meet the jurisdictional amount in controversy requirement.

## Discussion

**I.   Jurisdiction Under CAFA**

A civil action in state court may be removed to federal court if the federal court had "original jurisdiction" over the matter. See 28 U.S.C. § 1441(a). Under the Class Action Fairness Act ("CAFA"), district courts are vested with "'original jurisdiction of any civil action in which . . . the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,' and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." Lowdermilk v. United States Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)). "[U]nder CAFA the burden of establishing removal

1  jurisdiction remains, as before, on the proponent of federal jurisdiction." <u>Abrego Abrego v.</u>
2  <u>Dow Chemical Co.</u>, 443 F.3d 676, 685 (9th Cir. 2006).  The removal statute is strictly
3  construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is
4  any doubt as to the right of removal in the first instance." <u>Gaus v. Miles</u>, 980 F.2d 564, 566
5  (9th Cir.1992).  The Court may consider facts in the notice of removal as well as any
6  "summary-judgment-type evidence" in determining whether CAFA jurisdiction exists at the
7  time of removal.  See <u>Valdez v. Allstate Ins. Co.</u>, 372 F.3d 1115, 1117 (9th Cir. 2004).

8        Here, Plaintiff contests CAFA jurisdiction on the ground that the amount in controversy
9  does not exceed the jurisdictional minimum of $5,000,000.  In this regard, the Ninth Circuit
10 has identified "at least three different burdens of proof which might be placed on a removing
11 defendant under varying circumstances." <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696,
12 699 (9th Cir. 2007).  When a state court complaint alleges on its face an amount in controversy
13 sufficient to meet the federal jurisdictional threshold, the requirement is "presumptively
14 satisfied unless it appears to a legal certainty that the plaintiff cannot actually recover that
15 amount." <u>Id.</u> (quotation omitted).  When the state court complaint is unclear or ambiguous as
16 to amount in controversy, the removing defendant must establish by a preponderance of the
17 evidence that the jurisdictional amount is pled. <u>Id.</u>  Finally, "when a state court complaint
18 affirmatively alleges that the amount in controversy is less than the jurisdictional threshold,
19 the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount
20 is met." <u>Id.</u> (quotation omitted).  Because Plaintiffs' Complaint expressly states that "the
21 amount in controversy does not reach or exceed Five Million Dollars," the legal certainty
22 standard applies in this case.  (Compl. ¶ 1.)

23       The "legal certainty" standard is consistent with the limited jurisdiction of federal courts
24 and the principle that the plaintiff is "master of her complaint." <u>Guglielmino</u>, 506 F.3d at 699-
25 700. Accordingly, "subject to a good faith requirement in pleading, a plaintiff may sue for less
26 than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain
27 in state court." <u>Lowdermilk</u>, 479 F.3d at 999 (citing <u>St. Paul Mercury Indem. Co. v. Red Cab</u>
28 <u>Co.</u>, 303 U.S. 283, 288-89 (1938)).  Here, Plaintiffs have exercised that option by limiting their

recovery to an amount under $5,000,000. Defendant has failed to show to a legal certainty that the amount in controversy exceeds the jurisdictional amount or that Plaintiff has pled in bad faith.

In support of its argument, Defendant researched published verdicts and settlements in actions for sexual harassment. (Glaser Decl. ¶ 6, Ex. 1, 2.) Defendant calculates that, among its selected surveyed cases, the average verdict or settlement amount is over $2,000,000. (Id.) Based on that figure, Defendant estimates that Plaintiffs' two hundred sexual harassment claims could result in a verdict of over $400 million. (Opp. at 3; Glaser Decl. ¶ 7.) Defendant also calculates that Plaintiffs' wage and hour class may be owed more than $3.1 million. (Opp. at 5-6.) The Court cannot base its jurisdiction on Defendant's "speculation and conjecture." Lowdermilk, 479 F.3d at 1002. At most, Defendant's arguments support an inference that Plaintiffs may be entitled to more than $5,000,000. However, such an inference does not satisfy Defendant's burden, because Plaintiffs may avoid federal jurisdiction by suing for less than they are entitled to. Lowdermilk, 479 F.3d at 999. Additionally, the Ninth Circuit holds that a court "need not look beyond the four corners of the complaint to determine whether the CAFA jurisdictional amount is met" when the plaintiff "avers damages ('less than five million dollars') that do not reach the threshold for federal jurisdiction." Lowdermilk, 479 F.3d at 998.

The evidence does not show that Plaintiffs have alleged the disputed amount in bad faith. Plaintiffs justify the limit on their potential recovery by explaining that counsel evaluated each claim and the potential penalties and concluded that the recovered amount fell "well short of the $5,000,000 figure." (Nienberg Decl. ¶ 5.) Plaintiffs explain that Defendant limits the class members' daily work, limiting the overtime claims. (Id. ¶ 6.) Further, Plaintiffs state that many class members have worked for Defendant for less than the full limitations period. (Id.) Finally, Plaintiffs allege that Defendant has manipulated work time such that class members were underpaid by as little as five to seven cents per shift. (Id.) Thus, Plaintiffs have adequately explained their decision to limit recovery in this matter. It is "plaintiff's prerogative, subject to the good faith requirement, to forgo a potentially larger recovery to remain in state court." Lowdermilk, 479 F.3d at 999.

Accordingly, the Court concludes that Defendant has not met its burden of establishing that the amount in controversy exceeds $5,000,000 to a legal certainty. Accordingly, the Court lacks jurisdiction over this matter under CAFA. The Court notes Plaintiffs' evidentiary objections and disregards evidence to the extent warranted.

## II. Attorney Fees Under 28 U.S.C. § 1447(c)

Plaintiffs' motion to remand requests that the Court order Defendant to pay their expenses. The Court interprets this request as a motion for attorney fees under 28 U.S.C. § 1447(c). Pursuant to that statute, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132 (2005)). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Id.

Here, the Court exercises its discretion to decline an award of attorney fees. Based on the putative class size and the nature of the claims, it was objectively reasonable for Defendant to seek to invoke federal jurisdiction.

## Conclusion

Accordingly, the Court grants Plaintiffs' motion to remand and remands this action to state court. The Court denies Plaintiffs' request for fees and expenses.

IT IS SO ORDERED.

DATED: September 1, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT